# Western Savings Bank, Appellant, *v.* Sauers.

*Promissory notes—Negotiable instruments—Renewal note—Endorsement—Endorsement induced by fraud—Judgment non obstante veredicto.*

The endorser of a renewal note is not liable in an action thereon when his endorsement has been procured through a promise by an officer of the plaintiff bank, the holder, that he would insert in the body of the note the same collateral securities that had been pledged by the maker for the payment of the original obligation, when in fact more than a year before the endorsement such officer had fraudulently abstracted the securities and had substituted others for them, and this fact was known to the plaintiff before defendant's endorsement.

Argued Nov. 5, 1913. Appeal, No. 264, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1911, No. 795, for defendant non obstante veredicto in case of Western Savings and Deposit Bank of Pittsburgh v. John Sauers. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.


Assumpsit on promissory note. Before COHEN, J.

The opinion of the Supreme Court states the facts.

The jury found a verdict for plaintiff for $6,825.61. The court subsequently entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was in entering judgment for defendant non obstante veredicto.

*F. D. McCloskey,* of *Kinnear, McCloskey & Best,* for appellant.

*Joseph Stadtfeld,* with him *Thomas H. Hasson,* for appellee.

PER CURIAM, January 5, 1914:

The appellee endorsed the renewal note of September 30, 1909, at the request of the bank and under the promise of the assistant cashier that he would insert in the body of the note the same collateral securities that had been pledged by the maker for the payment of the original obligation. The appellee was thus clearly given to understand that the bank still held, and would continue to hold, those securities for his protection; but, as a matter of fact, the assistant cashier, more than a year before, had fraudulently abstracted the thirty shares of the capital stock of the Parkersburg Industrial Company and substituted other stocks for them. The bank had actual knowledge of this substitution some months before the appellee endorsed the renewal note. The maker of the original note knew nothing of this substitution and the appellee was ignorant of it at the time he endorsed the renewal note. This action is upon his endorsement of that note, but, as he was induced to endorse it through a bald and substantial fraud, practiced upon him by the representative of the bank, his endorsement created no liability, and the judgment for the defendant non obstante veredicto, having been properly entered, is now affirmed.